Paul S. Bovarnick, OSB 791654
Rose, Senders and Bovarnick, LLC
1205 NW 25th Avenue
Portland, OR 97210
Telephone: (503) 227-2486
Facsimile: (503) 877-1768
E-mail Address: pbovarnick@rsblaw.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOPE GILMORE and ALAN GILMORE, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION ("AMTRAK"), a Federally chartered corporation, and BNSF RAILWAY COMPANY, a Delaware Corporation ("BNSF"),<br><br>Defendants. | Case No.<br><br>COMPLAINT - NEGLIGENCE<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, Hope Gilmore and Alan Gilmore, by and through their attorney, Paul S. Bovarnick, and for her Complaint against Defendants Amtrak and BNSF hereby alleges:

COMPLAINT - 1

1.

At all material times Plaintiffs have resided in Yamhill, Oregon. Plaintiff Hope Gilmore purchased her ticket for Amtrak Train 7 from Amtrak on-line from her home. She departed from Portland on Amtrak on her trip which ended in the derailment in Montana on September 25, 2021.

2.

At all material times, Defendants were licensed to do business in Oregon as common carriers by railroad in interstate commerce.

3.

Jurisdiction is conferred on this Court by 28 USC §1332 for Plaintiffs' claims. The amount in controversy exceeds $75,000.

4.

Venue is within the District of Oregon pursuant to 28 USC §1391(b) as this claim arose in this judicial District.

5.

At all material times Defendant BNSF owned, maintained and controlled the track on which Plaintiff's train, Amtrak train 7, called the *Empire Builder*, was traveling when it derailed on September 25, 2021.

/ / / /

6.

Plaintiff Hope Gilmore is 71 years old. She has been married to her husband, Alan, for fifty-three years. She is the mother of seven adult children and the grandmother of 16 grandchildren and great grandmother to five. Before September 25, 2021 she worked as a caregiver for her granddaughter, who has Down's Syndrome. Hope had long since recovered from cervical and lumbar spine surgeries more than twenty years before Train 7 derailed, and she enjoyed a full life, taking care of her disabled granddaughter, and traveling to visit her four children and her grandchildren who live in Washington, Wisconsin and Texas. When she was home she enjoyed spending time with her husband and three adult children in Oregon and their children. She also enjoyed camping with family and friends.

7.

Plaintiffs Hope and Alan Gilmore have had a strong and loving marriage. They have lived together in their home in Yamhill, Oregon for thirty-three years, where they raised their seven children. Before Amtrak and BNSF negligently caused the derailment of Train 7, they enjoyed spending time with their children and grandchildren, traveling together and spending time together in the outdoors.

/ / / /

8.

On September 10, 2021, Hope traveled on Amtrak from Portland, Oregon to Madison, Wisconsin for a visit with her daughter and her two grandchildren. On September 24, she boarded an Amtrak train in Madison, Wisconsin for her return. She transferred to Train 7 in Chicago. She had a sleeping compartment in the last car of Train 7, where she was seated when Train 7 derailed.

9.

As Train 7 approached Joplin, Montana, Hope felt a powerful jolt and then the car she was in suddenly tipped over. Hope found herself upside down, partially buried under debris from the car. Hope never lost consciousness, remaining trapped, in severe pain.

10.

Although she was able to hear and communicate with rescuers for approximately an hour, she was not extracted from the wrecked car until approximately 90 minutes after the derailment. She was then driven by ambulance to the emergency room at the hospital in Chester, Montana. The Chester hospital was unable to admit her upon her arrival, so she was driven another two hours to Benefis Hospital in Great Falls, all the while in severe pain. While at Benefis Hospital she underwent cervical spine surgery.

11.

As a result of the negligence of defendants Amtrak and BNSF, and each of them, Hope Gilmore suffered a left frontal lobe contusion, fractures in her cervical spine, contusions to her spinal cord and partial paralysis. Her injuries have also caused her to suffer urinary tract infections, bowel blockages and bed sores.

12.

On October 18, 2021 Hope was flown back to Portland. She was there admitted to Vibra Hospital, where she remained for three weeks. She was then transferred to her home where she receives full time care. Since returning home, Hope has been hospitalized at least five times for bowel blockages caused by her injuries and resultant immobility. Hope cannot drive nor walk. Her home does not permit her to move about, nor does she possess a motor vehicle which accommodates her disabilities. Except for trips to the hospital, has been confined to her bed since September 25, 2021, first at Benefis Hospital in Great Falls, then at Vibra Hospital in Portland and then in her home, where she requires the services of two full-time caregivers.

13.

Plaintiff Hope Gilmore can no longer work as a caregiver for her disabled grandchild, nor can she even hold her grandchildren. She cannot travel to see her

children and grandchildren. She cannot bathe herself, cook for her family, go to the store or camp. She cannot visit with her friends, cannot get out of her bed without assistance. She cannot walk, change her clothing or even sit up without assistance. She cannot sit at a dinner table with her family. She cannot drive or go to the toilet. Except for trips to the hospital or to a local doctor, she cannot leave her home and her bed.

14.

Although Alan Gilmore has been devoted to the care of his wife since BNSF's and Amtrak's negligence caused Hope's catastrophic injuries on September 25, 2021, he has been deprived of the companionship, society and assistance of his wife and has daily witnessed her disability, pain and emotional distress.

FIRST CLAIM FOR RELIEF – HOPE GILMORE

Negligence - Amtrak

15.

Plaintiff Hope Gilmore realleges Paragraphs 1 through 13.

16.

Plaintiff Hope Gilmore's injuries were due in whole or in part to the acts and omissions of Amtrak in one or more of the following particulars:

a. Amtrak operated train 7 at a dangerous speed at the location at which train 7 derailed;

b. Amtrak failed to discover that the track on which train 7 derailed was unsafe prior to the derailment;

c. Amtrak failed to make the cars on train 7 safe for passengers and crew in a derailment;

d. Amtrak failed to train its crew to safely respond in a derailment; and

e. Amtrak failed to warn the passengers and crew of train 7 of the risk of derailment that existed at the location at which the derailment occurred.

17.

As a result of the negligence of the Defendants and each of them, Plaintiff Hope Gilmore suffered injuries to her head, shoulders, spine and hip. She suffered right periorbital ecchymosis, left frontal lobe contusion, C6, C7 and T7 fractures, spinal cord contusion, quadriplegia, paraplegia, pressure ulcers, chronic neck, shoulder and back pain, abdominal bloating, anxiety, cognitive impairment, bowel blockages, urinary tract infections and generalized weakness. Plaintiff required a C6-7 discectomy and forty-one days of hospital care and has been bedridden since the crash. As a further result of her injuries, Plaintiff Hope Gilmore has incurred

medical expenses in the approximate amount of $1,000,000. She will require a home and motor vehicle that can accommodate her disability and will continue to incur expenses for medical and personal care in the future in the amount of approximately $10,000,000. Due to the negligence of Amtrak and BNSF and each of them, ever since the derailment, Plaintiff Hope Gilmore has suffered from chronic pain and has been, and will continue to be, bed-ridden and unable to participate in virtually any of the activities she once enjoyed with family and friends, activities which she will never be able to resume, all to her non-economic damage in the amount of $15,000,000.

SECOND CLAIM FOR RELIEF - HOPE GILMORE

Negligence - BNSF

18.

Plaintiff Hope Gilmore realleges Paragraphs 1 through 12.

19.

Plaintiff's injuries were due in whole or in part to the acts and omissions of BNSF, which were negligent in one or more of the following particulars:

a. BNSF failed to discover a defect in its track which caused or contributed to the derailment of Amtrak train 7 on September 25, 2021;

b. BNSF failed to warn Amtrak of the defect in its track which caused or contributed to the derailment of Amtrak train 7 on September 25, 2021;

c. BNSF failed to repair the defect in the track which caused or contributed to the derailment of Amtrak train 7 on September 25, 2021;

d. Prior to the derailment of Amtrak train 7, BNSF failed to institute a slow order for the track on which Amtrak train 7 derailed.

20.

As a result of the negligence of the Defendants and each of them, Plaintiff Hope Gilmore suffered injuries to her head, shoulders, spine and hip. She suffered right periorbital ecchymosis, left frontal lobe contusion, C6 fracture, T7 fracture, spinal cord contusion, quadriplegia, paraplegia, pressure ulcers, chronic neck, shoulder and back pain, abdominal bloating, anxiety, cognitive impairment, bowel blockages, urinary tract infections and generalized weakness. Plaintiff required a C6-7 discectomy and forty-one days of hospital care and has been bedridden since the crash. As a further result of her injuries, Plaintiff Hope Gilmore has incurred medical expenses in the approximate amount of $1,000,000. She will require a home and motor vehicle that can accommodate her disability and will continue to

COMPLAINT - 9

incur expenses for medical care in the future in the amount of $10,000,000. Due to the negligence of Amtrak and BNSF and each of them, ever since the derailment, Plaintiff Hope Gilmore has suffered from chronic pain and has been, and will continue to be, bed-ridden, requiring full time caregivers and unable to participate in virtually all of the activities she once enjoyed with family and friends, activities which she will never be able to resume, all to her non-economic damage in the amount of $15,000,000.

THIRD CLAIM FOR RELIEF – ALAN GILMORE

Negligence - Amtrak

21.

Plaintiff Alan Gilmore realleges Paragraphs 1 through 13.

22.

Plaintiff Alan Gilmore's injuries were due in whole or in part to the acts and omissions negligence of Amtrak in one or more of the following particulars:

a. Amtrak operated train 7 at a dangerous speed at the location at which train 7 derailed;

b. Amtrak failed to discover that the track on which train 7 derailed was unsafe prior to the derailment;

    c.       Amtrak failed to make the cars on train 7 safe for passengers and crew in a derailment;

    d.       Amtrak failed to train its crew to safely respond in a derailment; and

    e.       Amtrak failed to warn the passengers and crew of train 7 of the risk of derailment that existed at the location at which the derailment occurred.

23.

As a result of the negligence of Defendants Amtrak and BNSF, and each of them, Plaintiff Alan Gilmore has suffered the loss of the companionship of his wife, Hope Gilmore. Plaintiff Alan Gilmore will continue to grieve his wife's injuries for the rest of their lives. Plaintiff Alan Gilmore has devoted the majority of his time since September 25, 2021 to her care. He has suffered distress and worry and the disruption of his relationship with Hope, all to his noneconomic damage in the amount of $5,000,000.

FOURTH CLAIM FOR RELIEF - ALAN GILMORE

Negligence - BNSF

24.

Plaintiff Alan Gilmore realleges Paragraphs 1 through 13.

/ / / /

////

25.

Plaintiff Alan Gilmore's injuries were due in whole or in part to the acts and omissions of BNSF, which were negligent in one or more of the following particulars:

a. BNSF failed to discover a defect in its track which caused or contributed to the derailment of Amtrak train 7 on September 25, 2021;

b. BNSF failed to warn Amtrak of the defect in its track which caused or contributed to the derailment of Amtrak train 7 on September 25, 2021;

c. BNSF failed to repair the defect in the track which caused or contributed to the derailment of Amtrak train 7 on September 25, 2021;

d. Prior to the derailment of Amtrak train 7, BNSF failed to institute a slow order for the track on which Amtrak train 7 derailed.

26.

As a result of the negligence of Defendants Amtrak and BNSF, and each of them, Plaintiff Alan Gilmore has suffered the loss of the companionship of his wife, Hope Gilmore Plaintiff. Alan Gilmore has devoted the majority of his time since September 25, 2021 to her care. Plaintiff Alan Gilmore will continue to grieve his wife's injuries for the rest of their lives. He has suffered distress and worry and the disruption of his relationship with Hope, all to his noneconomic damage in the amount of $5,000,000.

WHEREFORE, Plaintiffs pray the Court for Judgment against the Defendants and each of them, for an award of damages to Hope Gilmore in the amount of $26,000,000 and to Alan Gilmore in the amount of $5,000,000, for Plaintiffs' costs and disbursements incurred herein and for such other relief as the Court may find equitable and just.

DATED: November 29, 2022.

        Paul S. Bovarnick
        Rose, Senders and Bovarnick, LLC

        By: _s/ Paul S. Bovarnick_
        Paul S. Bovarnick, OSB No. 791654
        Telephone: (503) 227-2486
        Email: pbovarnick@rsblaw.net

        Attorney for Plaintiffs